UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JUDITH ANNA SHER,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.
AND GLOBAL CRUISES, LLC.

      Defendants.

                                  /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff hereby sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1.      The Plaintiff, JUDITH ANNA SHER, (hereinafter "SHER") is *sui juris* and was, and still is, a resident of Florida.

2.      Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter "RCCL"), is a foreign corporation, upon information and belief, that operates cruise ships, including the *M/V Explorer of the Sea*, (hereinafter "subject vessel") upon which Plaintiff was a passenger at the time of the subject incident described further herein.

3.      At all times material, Defendant, RCCL owned and/or operated the subject cruise vessel, which Plaintiff was a passenger at the time of the incident described herein. RCCL also promoted, marketed, and sold to Plaintiff the shore excursion tour during which Plaintiff sustained her injuries. Additionally, RCCL co-operated the subject excursion during which the incident occurred. RCCL maintains an office in Miami, Florida to investigate, and vet the shore excursion providers and locations, which Florida office RCCL primarily uses to provide shore

excursions to its passengers, worldwide; including the subject tour upon which Plaintiff became injured. *See* Fla. Stat. 48.193(1)(a)(1); Fla. Stat. 48.193(2).

4.      Defendant, GLOBAL CRUISES, LLC., (hereinafter "GLOBAL CRUISES") doing business as the "*Cartagena City Hop-On Hop-Off Tou*r" is a tour operator, upon information and belief, is a foreign business entity organized and existing under the laws of Colombia, with its principal place of business in Bogata, Colombia.

5.      At all times material hereto, Defendant, RCCL and Defendant, GLOBAL CRUISES negotiated, drafted and executed contractual agreements, including guarantees of services to RCCL's passengers within Miami-Dade County, Florida.

6.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Specifically, the Parties to this action are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty and maritime jurisdiction.

7.      The causes of action asserted in this Complaint arise under the laws of the State of Florida and/or the General Maritime Law of the United States.

8.      Defendants, RCCL and/or GLOBAL CRUISES personally or through an agent:

  a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

  b.  Were engaged in substantial business activity within this state;

  c.  Operated vessels in the waters of this state;

  d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193; and/or

  e.  The Defendant's acts/omissions set out in this Complaint occurred in whole or in part in this county and/or state.

**CRUISE INCIDENT**

9.      On or about November 29, 2024, Plaintiff was a passenger aboard the subject vessel a cruise ship operated by Defendant, RCCL.

10.     Prior to the subject voyage and while in the U.S., Plaintiff purchased a shore excursion tour entitled "*Cartagena City Hop-On Hop-Off Tou*r" (hereinafter "the subject excursion"), which was advertised, marketed, promoted, and sold by Defendant, RCCL as a safe and suitable activity for cruise passengers, including those in Plaintiff's age and physical condition.

11.     At the time of purchase, Defendant, RCCL's personnel explicitly represented to the Plaintiff that the subject excursion was safe, properly organized, and appropriate for individuals of Plaintiff's age, health, and mobility. Plaintiff relied on these representations in purchasing the excursion.

12.     Upon joining the subject voyage, Plaintiff again spoke to RCCL's onboard personnel and was again assured that the subject excursion was safe, properly organized, and appropriate for individuals of Plaintiff's age, health, and mobility. Plaintiff relied on these representations in completing the excursion.

13.     During the cruise, Plaintiff participated in an excursion in Colombia that was organized by Defendant, RCCL.

14.     On November 29, 2024, Plaintiff and her husband participated in Defendant, RCCL's planned excursion which involved transportation on a tour bus operated by a tour company contracted by Defendant, RCCL. The operator of the excursion was Defendant, GLOBAL CRUISES.

15.     The excursion consisted of a double-decker bus from the cruise terminal set up by Defendant, RCCL, which had several different destinations (as the name of the excursion

suggests), which included the destination Plaintiff and her husband were stopping at.

16.     At all times material, Plaintiff and her husband had to proceed to the second floor of the double-decker bus to proceed with the excursion.

17.     The excursion bus came to a stop to let out several passengers who were exiting the bus. There were no announcements provided to those passengers upstairs warning of any sudden movements. In fact, the bus had come to a stop for a period of time and Plaintiff and her husband, who observed passengers exiting, also began to descend from the upper deck to the exit located on the bottom deck.

18.     While Plaintiff was descending from the second floor of the tour bus, she was in the stairwell when the bus suddenly jerked and began moving. The sudden movement of the bus caused Plaintiff to fall down the staircase.

19.     At no time during the excursion, did the tour personnel address or instruct passengers on the second deck as it relates to exiting the bus or any safety instructions.. Defendant, GLOBAL CRUISES communication, advisement or instructions were non-existent for those individuals on the upper deck. For the passengers located downstairs, Defendant, GLOBAL CRUISES had a driver and tour guide. There were no tour guides and/or Defendant, GLOBAL CRUISES personnel upstairs. At no time did the passengers on the second deck be able to hear instructions by tour guides and/or driver.

20.     At the time of the incident, the tour guide remained on the first floor of the bus and did not assist or direct passengers on the second floor. Defendant did not coordinate between tour guide and the driver while passengers were still disembarking.

21.     The tour guide did not direct the driver regarding passenger movement or instruct the driver to wait until all passengers had safely disembarked.

22.     The dangerous condition of the excursion site, combined with Defendant, RCCL's

failure to warn, supervise, or otherwise ensure a reasonably safe experience for passengers, directly and proximately caused Plaintiff's injuries.

23.     At all relevant times, Defendant, RCCL and Defendant, GLOBAL CRUISES had a duty to exercise reasonable care in the planning, organization, promotion, and execution of the subject excursion, including the duty to ensure that the location was safe for participants and free of concealed, and/or unreasonable hazards.

24.     As a result of the fall, Plaintiff suffered injuries to her **back, arm, shoulder, and right hip**, resulting in severe pain, loss of function, and the need for continued medical treatment. Plaintiff also developed complications from preexisting hip replacement surgery, which may require further surgical intervention.

25.     Plaintiff reported the incident to both the tour guide and the ship's doctor. The ship's doctor evaluated Plaintiff's injuries while she was still aboard the cruise ship who improperly stated that she did not have any injuries other than bruising.

26.     Upon returning home, Plaintiff sought further medical attention for her injuries, which revealed the full extent of her condition to be far more severe than initially represented by Defendant, RCCL's shipboard physicians. Plaintiff was thereafter diagnosed with a **fracture in her right shoulder**.

27.     Because of her fall, Plaintiff has experienced persistent pain, limited mobility, and disrupted sleep. Plaintiff has undergone physical therapy, pain-relief injections, and medication to treat her injuries. The injuries have significantly impacted Plaintiff's daily activities and overall well-being and are permanent in nature.

28.     As a direct and proximate result of the negligence and/or omissions of Defendants, Plaintiff suffered bodily injury, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, and other damages, all of which are continuing in nature

and will be proven at trial.

## COUNT I : NEGLIGENT FAILURE TO WARN AGAINST RCCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth herein and further alleges:

29. Defendant, RCCL owed Plaintiff a duty of reasonable care.

30. At all times material hereto, it was the duty of Defendant, RCCL to provide Plaintiff with reasonable safe tour operations under the circumstances.

31. At all times material hereto, it was the duty of RCCL to warn passengers, including Plaintiff, of dangers that were known, or reasonably should have been known, to RCCL in places where passengers were invited to or may reasonably be expected to visit beyond the point of disembarkation.

32. At all times material hereto, it was the duty of RCCL to warn passengers of overcrowding, crowd congestion, improper instruction and oversight of passengers on the second deck of the double-decker bus and the negligent manner in which Defendant, GLOBAL CRUISES operated.

33. On or about November 29, 2024, the Plaintiff was participating in the subject tour, which RCCL invited and reasonably expected Plaintiff to participate in since RCCL sold her tickets for the excursion.

34. On or about November 29, 2024, RCCL, and/or their agents, servants, joint venturers and/or employees, breached their duty to warn the Plaintiff through the following acts and/or omissions:

     a. Failing to conduct a reasonable investigation and/or inspection of the subject excursion site to identify and assess safety hazards, including narrow, congested walkways, lack of communication and instruction to all passengers of the bus, and negligent operation of its tour buses at stops;

b.   Failing to warn Plaintiff of specific dangers present at the excursion site, including but not limited to overcrowding, passengers entering and exiting, disorganized chaos;

c.   Failing to ensure that the excursion partner, Defendant, GLOBAL CRUISES, implemented appropriate safety measures and hazard controls for participants of the tour;

d.   Failing to supervise, vet, or monitor the third-party tour operator responsible for executing the excursion, despite maintaining an internal office dedicated to excursion safety and vetting in Miami, Florida;

e.   Misrepresenting the nature, difficulty, and safety of the excursion in its marketing materials and sales communications, thereby inducing Plaintiff to participate under a false sense of safety and suitability;

f.   Organizing, marketing, and selling an excursion that RCCL knew or should have known would expose passengers to foreseeable risks of physical harm, particularly given the high volume of tour participants and inadequate staffing;

g.   Failing to control the number of guests permitted on the excursion or to implement crowd control protocols that would prevent unsafe proximity, obstructed walkways and proper exiting of the bus from the second deck;

h.   Failing to coordinate with on-site tour personnel to implement safe practices, including adequate instructions for exiting passengers throughout the entire of the bus, including the second deck, visual warnings of all passengers being able to exit in a safe manner and/or verbal safety instructions;

i.   Failing to provide qualified RCCL personnel to accompany the excursion and ensure passenger safety throughout the experience; and,

j.   Permitting the excursion to proceed despite knowledge or reason to know that conditions on-site were unsafe or substantially deviated from what was represented to passengers.

35.    As a direct and proximate result of the foregoing acts and omissions by RCCL, Plaintiff suffered serious, painful, and permanent bodily injuries. Specifically, Plaintiff sustained a fracture to her left shoulder and requiring significant treatment related to her shoulder, and hip.

36.    As a further direct and proximate result of RCCL's negligence, Plaintiff has:

a.   Incurred past and ongoing medical expenses and anticipates the need for further medical treatment, including hip surgery, and rehabilitation.

b.  Suffered significant pain, discomfort, and physical limitations that have interfered with her daily living and overall well-being;

c.  Incurred economic damages, including medical repatriation, additional travel expenses and severe pain and suffering from her physical limitations.

**WHEREFORE**, Plaintiff,  JUDITH SHER, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief, as this Honorable Court deems just and proper.

## COUNT II: GENERAL NEGLIGENCE AGAINST RCCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth herein and further alleges:

37.     At all material times, Defendant, RCCL had a non-delegable duty to exercise reasonable care in the selection, hiring, training, monitoring, and supervision of third-party excursion providers, including Defendant, GLOBAL CRUISES, to ensure the safety of its passengers, including Plaintiff, during shore excursions marketed and sold by RCCL as part of its cruise package.

38.     RCCL routinely promotes and sells shore excursions to its passengers, including the subject tour representing to passengers that such tours are safe, vetted, and operated in compliance with RCCL's safety standards.

39.     RCCL maintains a dedicated department at its principal place of business in Miami, Florida that is responsible for reviewing, approving, and managing excursion providers and ensuring the excursions are safe for cruise passengers, including those of advanced age or limited mobility.

40.     Despite this obligation, RCCL failed to properly investigate the safety practices,

qualifications, and site conditions of its shore excursion partner, Defendant, GLOBAL CRUISES, before marketing and selling the subject tour to Plaintiff.

41.     RCCL knew or should have known that the subject excursion presented an unreasonable risk of harm to its passengers due to factors including overcrowding, inadequate supervision, and hidden or unmarked site hazards.

42.     RCCL negligently selected and retained Defendant, GLOBAL CRUISES as an excursion partner despite having the ability to monitor and control the safety of the services provided and to terminate relationships with unsafe or unqualified providers.

43.     RCCL further failed to provide adequate training or safety guidelines to Defendant, GLOBAL CRUISES personnel and failed to assign RCCL staff to oversee the tour's execution and ensure adherence to acceptable safety practices.

44.     As a direct and proximate result of RCCL's negligent selection, training, and supervision of its shore excursion provider, Plaintiff encountered unsafe and hazardous conditions at the excursion site, causing her to suffer a fall and resulting injuries.

45.     Plaintiff sustained a fracture in her right shoulder. She also required evaluation for her hip after suffering a severe fall that caused significant bruising. Given her history of hip replacement surgery, she incurred additional medical expenses to ensure there was no damage to the implant. requiring surgical intervention, medical treatment, and rehabilitation. These injuries have caused Plaintiff to endure pain and suffering, emotional distress, permanent physical limitations, and ongoing medical expenses.

**WHEREFORE**, Plaintiff,  JUDITH SHER, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief, as this Honorable Court deems just

and proper.

### COUNT III: NEGLIGENT SELECTION AND/OR RETENTION AGAINST RCCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1-28 above, as though alleged originally herein, and further alleges:

46.     At all times material hereto, Defendant, RCCL had a duty to select and/or hire competent and/or fit excursion operators.

47.     At all times material hereto, as part of its duty to select and/or hire competent and/or fit excursion operators, it was incumbent on Defendant, RCCL to diligently inquire into Defendant, GLOBAL CRUISES the Colombian tour partner's competency, and fitness.

48.     At all times material hereto, Defendant, RCCL and/or its agents, servants, joint venturers and/or employees breach its duty to provide Plaintiff with a reasonably safe tour operator under the circumstances by selecting and/or retaining Defendant, GLOBAL CRUISES, which was incompetent and/or unfit based on the following:

   a. Failing to conduct a reasonable investigation and/or inspection of the subject excursion site to identify and assess safety hazards, including narrow, congested walkways, embarkation and debarkation of passengers from the bus;

   b.  Failing to warn Plaintiff of specific dangers present at the excursion site, including but not limited to overcrowding, exiting and boarding from bus, including second deck;

   c.  Failing to ensure that the excursion partner, Defendant, GLOBAL CRUISES, implemented appropriate safety measures and hazard controls for participants of the tour;

   d. Failing to supervise, vet, or monitor the third-party tour operator responsible for executing the excursion, despite maintaining an internal office dedicated to excursion safety and vetting in Miami, Florida;

   e. Misrepresenting the nature, difficulty, and safety of the excursion in its marketing materials and sales communications, thereby inducing Plaintiff to participate under a false sense of safety and suitability;

   f. Organizing, marketing, and selling an excursion that RCCL knew or should have known would expose passengers to foreseeable risks of physical harm, particularly given the high volume of tour participants and inadequate staffing on the second deck;

g. Failing to control the number of guests permitted on the excursion or to implement crowd control protocols that would prevent unsafe proximity and length of time loading and unloading passengers from the bus;

h. Failing to coordinate with on-site tour personnel to implement safe practices, visual warnings of bus movement, or verbal safety instructions;

i. Failing to provide qualified RCCL personnel to accompany the excursion and ensure passenger safety throughout the experience; and,

j. Permitting the excursion to proceed despite knowledge or reason to know that conditions on-site were unsafe or substantially deviated from what was represented to passengers.

49. At all times material hereto, RCCL knew of the foregoing conditions causing the Defendant, GLOBAL CRUISES' incompetence and/or unfitness or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through:

a. Prior incidents involving RCCL passengers injured on the subject excursion and/or incidents reported within the cruise industry and other complaints of unsafe operation of the subject excursion by Defendant, GLOBAL CRUISES which did or should have revealed that the subject excursion was dangerous and not operated by competent and fit operator for the reasons above.

b. RCCL's initial approval process and/or yearly inspections of the Tour operator, Operator, including but not limited to, having RCCL's representatives take the excursion and/or conduct site inspections, which did or should have revealed:  1) inadequate instructions and/or safety guidelines, 2) inadequate supervision and/or assistance, 3) inadequate and/or non-existent policies and procedures in crowd congestions and hazardous manner of existing and boarding of the bus, 4) inadequate policies and procedures and manner of operation when gathering or exiting a bus, 5) inadequate and/or non-existent ability by personnel to adequately determine and assess the physical limitations of the excursion, 6) inadequate risk analysis or safety consideration of the tour operator's prior safety complaints, prior incidents resulting in personal injuries of passengers, prior accidents of passengers, 7) the activity level and or activities involved in the subject excursion were not as described.

c. Thoroughly inquiring into the operator's history of certifications, reputation, reviews, prior incidents, years in operation, years of complaints of prior accidents, years of reckless behavior by operator, and/or history in working with other cruise lines, which did or should have revealed that the subject excursion was dangerous and/or not operated

by competent and fit operator for the reasons listed above.

d.  Thoroughly inquiring into the operator's reputation, prior incidents and accidents, years of complaints of reckless behavior under another tour name in a substantially similar incident wherein the subject excursion failed to utilize necessary safety crowd management abilities, failed to sure properly trained and supervised operation.

e.  Periodically requesting examining safety history reports from the Defendant, GLOBAL CRUISES operator, as well as periodically sending RCCL's on staff to visit the excursion sites and evaluate the excursion experience, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator.

50.  As a direct and proximate result of the negligence and/or omissions of Defendants, Plaintiff suffered bodily injury, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, and other damages. These injuries have caused Plaintiff to endure pain and suffering, emotional distress, permanent physical limitations, and ongoing medical expenses as well as injuries to her right shoulder and hip.

**WHEREFORE**, Plaintiff,  JUDITH SHER, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief, as this Honorable Court deems just and proper.

### COUNT IV: NEGLIGENT FALIURE TO WARN AGAINST GLOBAL CRUISES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1-28 above, as though alleged originally herein, and further alleges:

51.  At all times material hereto, it was the duty of Defendant, GLOBAL CRUISES to provide Plaintiff with reasonable safe tour operations under the circumstances.

52.  At all times material hereto, Defendant, GLOBAL CRUISES has reasonable, sufficient, and/or systematic contacts in the United States.

53.      In the alternative, Defendant, GLOBAL CRUISES has reasonable, sufficient, and/or systematic contacts in the United States pursuant to Federal Rule of Civil Procedure Rule 4(k)(2) enabling federal courts to exercise general jurisdiction over a defendant who is not subject to personal jurisdiction in any state's courts but has sufficient contacts within the U.S.

54.      At all times material hereto, this claim arises under federal law, the defendant has sufficient contacts with the United States as a whole and exercising jurisdiction is consistent with the Constitution and the laws of the United States.

55.      At all times material hereto, it was the duty of Defendant, GLOBAL CRUISES to warn guests/passengers, including Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant, GLOBAL CRUISES in places where guests/passengers were invited to or may reasonably be expected to visit beyond the point of disembarkation.

56.      At all times material hereto, it was the duty of Defendant, GLOBAL CRUISES to warn guests/passengers of overcrowding, crowd congestion, existing and boarding procedures after coming to a complete stop, and the negligent manner in which Defendant, GLOBAL CRUISES operated.

57.      On or about November 29, 2024, the Plaintiff was participating in the subject tour, which Defendant, GLOBAL CRUISES invited and reasonably expected Plaintiff to participate.

58.      On or about November 29, 2024, Defendant, GLOBAL CRUISES, and/or their agents, servants, joint venturers and/or employees, breached their duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to conduct a reasonable investigation and/or inspection of the subject excursion site to identify and assess safety hazards, including narrow, congested walkways, unsafe operation of the bus, and unsafe practices for exiting and boarding passengers;

b.  Failing to warn Plaintiff of specific dangers present at the excursion site, including but not limited to overcrowding, unexpected movement of the bus, and/or lack of warning of bus starting to move after debarkation begins;

c.  Failing to implemented appropriate safety measures and hazard controls for participants of the tour;

d.  Failing to supervise, or monitor the tour operator responsible for executing the excursion, including the tour bus driver and tour guide;

e.  Misrepresenting the nature, difficulty, and safety of the excursion;

f.  Organizing, and conducting an excursion that Defendant, GLOBAL CRUISES knew or should have known would expose passengers to foreseeable risks of physical harm, particularly given the high volume of tour participants and inadequate staffing;

g.  Failing to control the number of guests permitted on and off the excursion or to implement crowd exiting and entrance protocols that would prevent unsafe and unexpected bus movement;

h.  Failing to implement safe practices, including visual warnings of unsafe and unexpected bus movement to those passengers on the upper deck, or verbal safety instructions to those passengers on the upper deck;

i.  Permitting the excursion to proceed despite knowledge or reason to know that conditions on-site were unsafe or substantially deviated from what was represented to guests/passengers.

59.    As a further direct and proximate result of Defendant, GLOBAL CRUISES' negligence, Plaintiff has:

a.  Incurred past and ongoing medical expenses and anticipates the need for future medical treatment and rehabilitation;

b.  Suffered significant pain, discomfort, and physical limitations that have interfered with her daily living and overall well-being; and,

c.  Incurred economic damages, including medical repatriation, additional travel expenses and severe pain and suffering from her physical limitations.

**WHEREFORE,** Plaintiff, JUDITH SHER, demands judgment against Defendant, Defendant, GLOBAL CRUISES for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and

all other damages recoverable under the law, along with interest, costs, and such other relief as this Honorable Court deems just and proper.

<b>COUNT V: GENERAL NEGLIGENCE AGAINST GLOBAL CRUISES</b>

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1-28 above, as though alleged originally herein, and further alleges:

60.     At all material times, Defendant, GLOBAL CRUISES had a non-delegable duty to exercise reasonable care in the selection, hiring, training, monitoring, and supervision of its excursion operators, and/or excursion personnel to ensure the safety of its guests/passengers, including Plaintiff, during shore excursions.

61.     Defendant, GLOBAL CRUISES routinely conducts the subject tour representing to guests/passengers that such tours are safe, vetted, and operated in compliance with RCCL's safety standards.

62.     Despite this obligation, Defendant, GLOBAL CRUISES failed to properly follow safety practices, qualifications, and site conditions.

63.     Defendant, GLOBAL CRUISES knew or should have known that the subject excursion presented an unreasonable risk of harm to its passengers due to factors including overcrowding, inadequate supervision, inadequate instruction, inadequate communication with passengers on the second deck, and improperly moving a bus after a complete stop and while passengers are existing and/or entering the bus.

64.     Defendant, GLOBAL CRUISES negligently conducted, monitored and executed the operations of its tour hereby creating an unsafe and/or hazardous tour.

65.     Defendant, GLOBAL CRUISES further failed to provide adequate training or safety guidelines to its operators and/or personnel and failed to properly oversee the tour's execution and ensure adherence to acceptable safety practices.

66.     As a direct and proximate result of Defendant, GLOBAL CRUISES' negligence election, training, and supervision of its shore excursion tour driver and tour guide, Plaintiff encountered unsafe and hazardous conditions on the excursion, causing her to suffer a fall and resulting injuries.

67.     Plaintiff sustained a glenoid fracture in her right shoulder. She also required evaluation for her hip after suffering a severe fall that caused significant bruising. Given her history of hip replacement surgery, she incurred additional medical expenses to ensure there was no damage to the implant. These injuries have caused Plaintiff to endure pain and suffering, emotional distress, permanent physical limitations, and ongoing medical expenses.

**WHEREFORE,** Plaintiff, JUDITH SHER, demands judgment against Defendant, Defendant, GLOBAL CRUISES for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief as this Honorable Court deems just and proper.

**COUNT VI: NEGLIGENCE AGAINST RCCL**
**BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL**

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1-28 above, as though alleged originally herein, and further alleges:

68.     At all times material hereto, Defendant, GLOBAL CRUISES were the apparent agent(s) of Defendant, RCCL.

69.     At all times material hereto, Defendant, RCCL is estopped to deny that Defendant, GLOBAL CRUISES were their agent(s) or employee(s).

70.     At all times material hereto, Defendant, RCCL made manifestations which caused the Plaintiff to believe that Defendant, GLOBAL CRUISES had authority to act for the benefit of

RCCL.  These manifestations include:

a. RCCL allowed its name to be utilized in connection with the advertising of the subject tour;

b. RCCL made all arrangements for the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities);

c. RCCL marketed the subject excursion using its company logo on marketing materials, including brochures, excursion tickets, and/or its ship without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities);

d. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers, including Plaintiff, about the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities);

e. Until the point that the Plaintiff participated in the subject excursion, the Plaintiff's exclusive contacts concerning the subject excursion was RCCL.

f. RCCL advised passengers, including Plaintiff to not engage in excursions, tours, or activities that are not sold through RCCL, as RCCL has no familiarity with other tours or their operations;

g. The fee for the excursion was charged to the Plaintiff and collected from the Plaintiff, exclusively by RCCL, and Plaintiff received a paid receipt from RCCL for the purchased tour;

h. Until after the incident, Plaintiff had reason to believe that Defendant, GLOBAL CRUISES, was in fact Defendant, RCCL's agent; and,

i. Until after the incident, it became apparent that the only reason Defendant, RCCL was advised to not engage in excursions, tours, or activities that are not sold through RCCL is for purposes of insurance, as they have an indemnity and hold harmless agreement which allows for Defendant, RCCL to limit its liability, which was not reasonably disclosed prior to the excursion.

71.    Plaintiff reasonably relied on the above, to her detriment, so as to believe that Defendant, GLOBAL CRUISES were the employee(s) and/or agent(s) of RCCL in choosing the subject excursion.

72.    It was reasonable for Plaintiff to believe that Defendant, GLOBAL CRUISES were Defendant, RCCL's employee(s), and/or agent(s) because the Plaintiff booked, paid for and

made all arrangements for the subject excursion with RCCL. Defendant, RCCL's conduct caused Plaintiff to believe that Defendant, GLOBAL CRUISES had authority to act on their behalf. At no time did Defendant, GLOBAL CRUISES represent to the ship's passengers or the Plaintiff in a meaningful way that the Defendant, GLOBAL CRUISES were not agents or employees of RCCL.

73. Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject excursion or incur any injuries had the Plaintiff known that the subject excursion was not operated by RCCL.

74. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed, Defendants' negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to general and consequential damages, including, economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including, pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE,** Plaintiff, JUDITH SHER demands judgment against Defendant, RCCL, and Defendant, GLOBAL CRUISES for all damages recoverable by law, and demands a jury trial of all issues so triable.

Dated: November 19, 2025

Respectfully submitted,

**GONZALEZ, P.A.**
Alejandro J. Gonzalez, Esq.
*Attorney for Plaintiff*
19 S. Krome Avenue
Homestead, Florida 33030
Telephone No.: (786) 429-1511
Facsimile No.: (305) 230-3298

By:  */s/ Alejandro J. Gonzalez*
**ALEJANDRO J. GONZALEZ, ESQ.**
Florida Bar No. 015293
alex@agonzalezlaw.com
info@agonzalezlaw.com